WO KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV 13-8131-PCT-GMS (MEA) |
|---|---|
| Plaintiff, | CR 94-0266-PCT-GMS |
| vs. | **ORDER** |
| Michael Augustine Kee, | |
| Defendant/Movant. | |

Movant Michael Augustine Kee, who is confined in the Federal Correctional Institution Safford in Safford, Arizona, has filed a *pro se* "Motion for Relief From Judgment Pursuant F.R.Civ. P. Rule 60(b)(4) and (6)" and an Amended Motion for Relief From Judgment. Movant argues that the Court was without jurisdiction to try him in CR 94-266-PCT-GMS and that his conviction should therefore be vacated.

**I.  Government's Motion to Seal**

On June 7, 2013, Respondent filed a Response to the Amended Motion for Relief from Judgment (Doc. 7) and a Motion to Seal (Doc. 6). Because Respondent's Response contains Movant's personal information, the Court will grant the Motion to Seal.

**II.  Amended Motion for Relief From Judgment**

An amended motion supersedes an original motion. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original motion as nonexistent. *Ferdik*, 963 F.2d at 1262.

The Court will summarily deny Plaintiff's Amended Motion for Relief and dismiss this action. Rule 60 of the Federal Rules of *Civil* Procedure does not provide Movant with an avenue for challenging the judgment of conviction in his *criminal* case. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.").

A motion filed pursuant to 28 U.S.C. § 2255 is for a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, in this case, the Court will not construe Movant's claims as filed pursuant to § 2255 because Movant has already filed an action under § 2255 challenging his conviction and sentence in CR 94-266. The prior motion was denied on May 31, 2005 (Doc. 83 in CR 94-266) and judgment was entered on the same date (Doc. 84 in CR 94-266).

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2255 motion may be filed in the district court, a movant must first obtain an order from the United States Court of Appeals authorizing the district court to consider the motion. The Court of Appeals will not issue an order authorizing a successive motion unless the motion meets the requirements of 28 U.S.C. § 2244(b)(A) and (B). Movant has presented no such order from the Court of Appeals for the Ninth Circuit. As a courtesy to Movant, the Court will direct the Clerk of Court to provide Movant with a form approved by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2254 or § 2255.

The Court will deny as moot Movant's remaining pending Motions (Docs. 10, 11, and 13).

**IT IS ORDERED:**

(1) Respondent's June 7, 2013 Motion to Seal (Doc. 6) is **granted**; the Clerk of Court **must file under seal** Respondent's Response (Doc. 7).

(2) The Amended Motion for Relief from Judgment (Doc. 2 in CV 13-8131 and Doc. 96 in CR 94-266) is **denied** and the civil action opened in connection with this Motion (CV 13-8131-PCT-GMS (MEA)) is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Plaintiff's June 24, 2013 "Motion to Know Prosecution's Credentials" (Doc. 10) is **denied**.

(4) Movant's June 24, 2013 Motion for Writ of Coram Nobis (Doc. 11) is **denied**.

(5) Movant's "Motion for Demand of Relief Under Fed. R. Civ. P. Rule 8" (Doc. 13) is **denied**.

(6) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(7) The Clerk of Court must provide Movant with a form approved by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2254 or § 2255.

Dated this 14th day of August, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge